## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN MCDANIEL,<br><br>            Plaintiff,<br><br>v.<br><br>PRINCETON GARDENS, INC., AND REALPAGE, INC., (A.K.A. LEASINGDESK SCREENING),<br><br>            Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**FCRA, 15 U.S.C. § 1681 et seq.** |

Plaintiff Brian McDaniel ("Plaintiff" or "Mr. McDaniel"), by and through the undersigned counsel, and hereby brings this Complaint and Demand for Jury Trial ("Complaint") against Defendants Princeton Gardens, Inc.   ("Princeton"), and RealPage, Inc. (a.k.a. LeasingDesk Screening) ("RealPage"), (referenced collectively as "Defendants"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681.

2.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

3.  Defendants transact business in this District; Defendants purposefully avail themselves of the protections of this District; and Defendants regularly direct business at the district, such that personal jurisdiction is established.

## PARTIES

4.  Plaintiff, Brian McDaniel, is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.  Plaintiff transacted business with Defendants in Philadelphia, PA in an effort to obtain housing.

6.  Defendant RealPage is a "consumer reporting agency," as it "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. 15 U.S.C. § 1681a(f).

7.  Defendant RealPage is a Delaware corporation doing business throughout the United States, including in the State of Pennsylvania. Through their subsidiary LeasingDesk Screening, they operate a principal place of business at 2201 Lakeside Blvd., Richardson, TX 75082. Defendant RealPage may be served through its registered agent, c/o The Corporation Trust Company located at, 1209 Orange St., Wilmington Delaware, 19801.

8.  Defendant Princeton is a user of credit information and is therefore a "person" as defined under 15 U.S.C. 1681a and 1681m(a). Its principal place of business is located at 5000 Woodbine Ave., Philadelphia, Pennsylvania 19131. Princeton may also be served at this location.

9.  Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

11. In or around July 2021, Plaintiff obtained a job in Pennsylvania and decided to uproot his family from Florida to move them across the country to accept his new employment opportunity.

12. Plaintiff was working remotely at first but was to report in person not later than September 13, 2021.

13. On August 7th, 2021, Plaintiff purchased airfare for $298 and flew to Pennsylvania to search for housing and apply to apartments.

14. Plaintiff's total out of pocket expenses related to the trip, including airfare were $586.62.

15. On or around August 9th, 2021, Plaintiff paid $35 for an application fee and applied to live in an apartment owned and managed by Princeton.

16. As of the date of this Complaint's filing, Plaintiff has not received a written response about his apartment application from Princeton.

17. Plaintiff has repeatedly called and texted Princeton with no response.

18. After attempting to contact Princeton numerous times to receive a status update as to his application, Plaintiff's phone call was finally answered by a Princeton representative. This representative informed him that there were ongoing "concerns" about his application with regards to his background check.

19. Princeton refused to communicate with Plaintiff any further and during this phone call effectively denied Plaintiff's apartment application.

20. As of the date of this Complaint's filing Princeton has not provided Plaintiff with an adverse action letter, a copy of his background report, or communicated with Plaintiff any further regarding his application.

21. On or around August 14th, 2021, Plaintiff paid $50 for an application fee and applied to live in an apartment owned and managed by non-party Andorra Point.

22. On or around August 18th, 2021, Plaintiff received an email communication from RealPage, on behalf of Andorra Point, stating that Plaintiff's application had been denied based on his background check.

23. Plaintiff obtained a copy of the background report used to deny his Andorra Point application from RealPage.

24. Contained within the report were numerous inaccurate depictions of unlawful activity.

25. There are no open cases or convictions, and in fact, no such proceedings could be found in the Pennsylvania or any court system at all.

26. Upon information and belief, Princeton similarly relied on the RealPage background check when making their decision to deny Plaintiff housing.

27. Plaintiff was able to secure housing with another apartment complex; upon information and belief that complex did not use Defendant's services.

28. Princeton has harmed Plaintiff by accepting his housing application fee and then continually giving him the run-around, failing to inform him as to why his housing application was denied, and eventually giving him a vague answer that still leaves Plaintiff without housing or any real information regarding why his application was denied.

29. Following Plaintiff's housing denials, he has had extreme difficulty sleeping and has suffered many sleepless nights.

30. On or about August 23rd Plaintiff submitted a dispute directly to RealPage, and on or about August 26th RealPage removed the inaccurate reporting. Unfortunately, Plaintiff had already suffered material harm because of the inaccurate reporting.

31. Upon information and belief, RealPage fails to maintain and employ reasonable procedures to assure **maximum possible accuracy** of the consumer information they provide to

rental companies and landlords.

32. Upon information and belief, RealPage knowingly and willfully maintain deficient procedures because employing reasonable procedures would reduce their profits.

33. Instead of employing reasonable procedures, as required by the FCRA, RealPage blindly collects information from unreliable third-party vendors to repackage and sell in their own rental screening products.

34. Upon information and belief, RealPage buys consumer information from third-party vendors that do not have reasonable procedures in place to ensure that the information they sell is maximally accurate.

35. Upon information and belief, RealPage purchased Plaintiff's information from one or more third-party vendors that merely compile criminal data from various online sources without verifying its accuracy with actual court records.

36. Upon information and belief, none of RealPage's third-party vendors warrant the accuracy of the information they sell.

37. Upon information and belief, RealPage does not exercise due diligence in ensuring they are contracting with reliable third-party vendors.

38. Upon information and belief, RealPage does not conduct periodic quality assurance audits to ensure that they are receiving reliable consumer information from their third-party vendors.

39. Despite knowing that its procedures are unreasonable, RealPage recklessly and knowingly fails to employ procedures that assure only maximally accurate consumer information is compiled and published in its consumer reports.

40. Upon information and belief, RealPage does not independently investigate the

information it buys from third-party vendors. Instead, RealPage has unreasonably decided that it is entitled to rely completely on third-party vendors to ensure the information included in its consumer reports is accurate.

41. The injuries suffered by Plaintiff as a direct result of Defendants' erroneous reporting are the type of injuries that the FCRA was enacted to prevent.

42. RealPage knows that its services are used to make significant consumer decisions.

43. As a direct result of RealPage's erroneous reporting, Plaintiff and his family have been forced to put their lives on hold.

44. Plaintiff's family intended to join him eventually in Pennsylvania while Plaintiff made the initial first move to settle down; his family have been anticipating and preparing for this move for several months. However, Plaintiff cannot uproot his family before securing housing in Pennsylvania.

45. Plaintiff has begun working his new job from home and was initially required to be on site in Pennsylvania by September 13th, 2021. However, due to the delay in securing housing, Plaintiff will not arrive to the site until at least September 20th, 2021.

46. In order to ensure that he could be on site for his new employer by September 20th, 2021, Plaintiff had to apply to and accept an apartment without ever visiting or seeing the apartment first. This has made Plaintiff understandably nervous; he is hopeful that this apartment will support his (and eventually his family's) standard of living.

47. As of the date of this Complaint's filing, Plaintiff still has not seen the apartment he was forced to accept due to the denial from Andorra Point and the lack of response from Princeton.

48. As a direct result of Defendants' conduct, Plaintiff has suffered actual damages including the inability to rent the apartments he desired; the expenditure of time and money looking and

applying for other apartments; loss of job opportunities; damage to his reputation; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, frustration, humiliation, and embarrassment; and other losses that are continuing in nature.

## COUNT I
### Defendant RealPage's Violations of 15 U.S.C. § 1681(e)(b)

49.   Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

50.   Despite its name, the Fair Credit Reporting Act covers more than just credit reporting, it regulates all "consumer reports." 15 U.S.C. § 1681(a)(d).

51.   The FCRA requires consumer reporting agencies, like Defendant RealPage, to maintain and "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

52.   Defendant RealPage violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation, maintenance, and dissemination of Plaintiff's consumer report(s).

53.   Upon information and belief, Defendant RealPage has been sued by other consumers in the past who have alleged its dispute procedures were unreasonable and violative of the FCRA.

54.   Therefore, Defendant RealPage had actual notice of its deficient procedures.

55.   In this case, however, Defendant RealPage received actual notice that its procedures were unreasonable as applied to Plaintiff when Plaintiff directly disputed with them.

56.   It is wholly unreasonable to maintain procedures that allow blind reliance on the information provided by the furnisher of disputed information.

57.   Further, it is unreasonable for Defendant RealPage to maintain procedures that allow it

to continue to report inaccurate information.

58.   As a result of Defendant RealPage's failure to maintain reasonable procedures to ensure maximal accuracy of Plaintiff's consumer information, Plaintiff has suffered damages including, but not limited to: stress, mental anguish, emotional pain, embarrassment, and wasted time.

59.   Defendant's violations of 15 U.S.C. § 1681e(b) were willful. Therefore, Defendant RealPage is individually liable to Plaintiff for actual, statutory, and punitive damages in amounts to be determined at trial. 15 U.S.C. § 1681n.

60.   Alternatively, Defendant RealPage's violations of 15 U.S.C. § 1681e(b) were negligent. Therefore, Defendant RealPage is individually liable to Plaintiff for statutory and actual damages in amounts to be determined at trial. 15 U.S.C. § 1681o.

61.   In any event, Defendant RealPage is liable for Plaintiff's reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1681n, 1681o.

<u>COUNT II</u>
**Defendant Princeton's Violations of 15 U.S.C. § 1681(m)(3)**

62.   Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

63.   15 U.S.C. § 1681m(3) states that any person taking adverse action against a consumer must "provide to the consumer orally, in writing, or electronically (A) the name, address, and telephone number of the consumer reporting agency...that furnished the report to the person."

64.   15 U.S.C. § 1681m(4) states that such person must also "provide to the consumer an oral, written, or electronic notice of the consumer's right (A) to obtain...a free copy of a consumer report on the consumer from the consumer reporting agency referred to in paragraph (3)."

65.   Upon information and belief, during Princeton's only communication with Plaintiff via

telephone, when Princeton informed Plaintiff that they were concerned about his application due to his background check, Princeton failed to orally provide Plaintiff with the name or contact information of the company that furnished the referenced report to Princeton.

66.   Upon information and belief, during the same phone call between Princeton and Plaintiff, Princeton failed to orally inform Plaintiff that he had a right to obtain a copy of the report that they were relying on to make their decision regarding Plaintiff's housing application.

67.   Plaintiff is thus entitled to actual damages, statutory damages, punitive damages, attorney's fees, and costs.

## TRIAL BY JURY

68.   Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Brian McDaniel, respectfully requests judgment be entered against Defendants, for the following:

     A.  Actual damages pursuant to 15 U.S.C. §§ 1681o, 1681n;

     B.  Statutory damages pursuant to 15 U.S.C. §§ 1681o, 1681n;

     C.  Punitive damages pursuant to 15 U.S.C. § 1681n;

     D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681o, 1681n; 15

     E.  All pre-judgment and post-judgment interest as may be allowed under the law; and

     F.  Any other and further relief as the Court may deem just and proper.

Dated:  September 22, 2021

By:*/s/ Alla Gulchina*
Alla Gulchina, PA Bar No. 307014
The Consumer Justice Law Firm
86 Hudson Street
Hoboken, NJ 07030
T: (480) 626-1333
F: (718) 715-1750
E: agulchina@cjl.law
*Attorney for Plaintiff Brian McDaniel*